**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES, INC.,

               Plaintiffs,

    v.

NINA YURI DONOVAN (a/k/a NANCY JANE
GRINEVICS and NANCY J. MIAO), SCOTT H.
DONOVAN individually and d/b/a SCOTT H.
DONOVAN, P.C., and SCOTT H. DONOVAN,
P.C.,

               Defendants.

Case No. 14-CU-00002
(LO/JFA)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

    Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to

as "Coach" or "Plaintiffs"), through their undersigned counsel, for their complaint against

Nina Yuri Donovan (a/k/a Nancy Jane Grinevics and Nancy J. Miao), Scott H. Donovan

(individually and d/b/a Scott H. Donovan, P.C.), and Scott H. Donovan, P.C. (collectively

referred to as "Defendants"), allege as follows:

### Nature of the Action

    1.    This is an action for, *inter alia*, direct, contributory, and vicarious

trademark infringement, under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a)

and (c)); trademark infringement, unfair competition and unjust enrichment under

Virginia common law; and trademark infringement under the Virginia Trademark and

Service Mark Act (Va. Code § 59.1-92.1 *et seq.*).

### Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court also has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business in and/or reside in the Commonwealth of Virginia.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District. Venue is proper in the Alexandria Division pursuant to E.D. Va. Local Civ. R. 3(B) and (C) because Defendants reside in this Division, may be found in this Division, and/or a substantial part of the events giving rise to the claims in this action occurred within this Division.

### Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

2

6.     Upon information and belief, Nina Yuri Donovan (a/k/a Nancy Jane Grinevics and/or Nancy J. Miao), is an individual working at Scott H. Donovan, P.C. in Manassas, Virginia, and resides in Nokesville, Virginia.

7.     Upon information and belief, Scott H. Donovan is the proprietor of Scott H. Donovan, P.C., and resides in Nokesville, Virginia.

8.     Upon information and belief, Scott H. Donovan, P.C. is a professional corporation incorporated under the laws of the Commonwealth of Virginia, with its principal place of business located at 9402 Grant Avenue in Manassas, Virginia (the "Premises").

9.     Upon information and belief, Defendants Nina and Scott H. Donovan are a married couple.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and that by their acts or omissions ratified and encouraged such conduct and behavior. Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such conduct and behavior described herein, which duty Defendants failed and/or refused to perform.

### The World Famous Coach Brand and Products

11.     Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.   Since then Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products, including handbags, wallets, accessories, eyewear, footwear, jewelry, and watches.   Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website, www.coach.com, throughout the United States, including Virginia.

12.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

13.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding four and one-half billion dollars ($4,500,000,000).

### The Coach Trademarks

14.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

4

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets, jewelry, coats, gloves, belts, hats, scarves, and shoes. | April 15, 2008 | *Coach* est.1941 |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |

6

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 4, 6, 9, 14, 16, 18, 25 for *inter alia* sunglasses and eye glass cases, leather goods,  key fobs, jewelry, watches, umbrellas, and clothing namely, skirts, pants and dog coats. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 | |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, wallets, umbrellas, jewelry, watches, sunglasses, footwear, hats, and coats. | June 3, 2008 |  |
| | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use. | August 27, 2013 |  |

8

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 |  |
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |  |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches. | September 22, 2009 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

15.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. §1065.[1]

16.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

17.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

18.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

19.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

## Defendants' Acts of Infringement and Unfair Competition

20.     Upon information and belief, Defendants have and are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products"). Defendants' specific conduct includes, among other things:

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

A.      On or about November 15, 2012, agents from the Virginia State Police, working in tandem with an Investigator for Coach ("the Investigator"), contacted Defendant Nina Donovan via text message.   Thereafter, Defendant Nina Donovan informed an agent of the Virginia State Police ("the Undercover") that she had several Coach items available for purchase.

B.      On or about that same date, the Undercover met with individuals who identified themselves as Nina Donovan and Scott Donovan at the Premises where the individual identified as Scott Donovan unlocked the Premises and escorted the Undercover and Defendant Nina Donovan inside.

C.      Defendant Nina Donovan informed the Undercover that none of the goods she offered for sale were genuine, and that she knew the "right" people in China which allowed her to get the best Infringing Products to offer for sale.

D.      Defendant Nina Donovan also stated that the Infringing Products were indistinguishable from the authentic Coach product, and that there was no reason to purchase legitimate or authentic goods because her Infringing Products were just as good.

E.      Defendant Nina Donovan quoted prices of two hundred twenty dollars ($220.00) and higher for the Infringing Products.

F.      At or about that time, agents and uniformed officers from the Virginia State Police entered the Premises, and executed a search warrant.

G.      As a result of the search, over one hundred fifty (150) counterfeit items from designer labels, including, but not limited to, Coach, were seized from the Premises.

H.      Upon information and belief, prior to the events on or about November 15, 2012, agents from the Virginia State Police purchased several Infringing Products from

Defendant Nina Donovan. These Infringing Products were offered for sale by Defendant Nina Donovan through various online forums, and were represented by her to be authentic.

I.      At all relevant times Defendant Scott H. Donovan, as proprietor of Scott H. Donovan, P.C., had full knowledge of the counterfeiting activity taking place on his property, reaped both direct and indirect benefits from such counterfeiting activity, and provided the facilities at the Premises for this purpose.

21.      Defendants are well aware of the extraordinary fame and strength of the Coach Brand and the Coach Trademarks, and the incalculable goodwill associated therewith.

22.      Defendants had no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

23.      Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

24.      Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

25.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

26.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
**(Trademark Counterfeiting, 15 U.S.C. § 1114, against Defendant Nina Donovan)**

27.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

28.     Defendant Nina Donovan, without authorization from Coach, used and continues to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

29.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of Coach.

30.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

31.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

32.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

33.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

34.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114, against Defendant Nina Donovan)

35.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

36.     Defendant Nina Donovan, without authorization from Coach, has used and is continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

37.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

38.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

39.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

40.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

41.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

42.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a), against Defendant Nina Donovan)

43.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

44.     Defendant Nina Donovan's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendant's use of other indicia associated with Coach, is intended – and is likely – to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products. Such actions by Defendant are also intended – and are likely – to cause such parties to erroneously believe that the Infringing Products have been authorized, sponsored, approved, endorsed, or licensed by Coach, or that Defendant is in some way affiliated with Coach.

45.     The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

46.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

47.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

48.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (Contributory Trademark Infringement, 15 U.S.C. § 1114, against Defendants Scott H. Donovan and Scott H. Donovan, P.C.)

49.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

50.     Defendant Nina Donovan, without authorization from Coach, has used and is continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

51.     The foregoing acts of Defendant Nina Donovan are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant Nina Donovan's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

52.     Upon information and belief, Defendant Nina Donovan has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

53.     Defendant Nina Donovan's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

54.     Defendants Scott H. Donovan and Scott H. Donovan, P.C. have given permission to Defendant Nina Donovan to use the Premises to sell counterfeit goods. Defendants Scott H. Donovan and Scott H. Donovan, P.C. indirectly benefit from the sale of these goods.

55.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. knew or had reason to know of the violations being committed by Defendant Nina Donovan at the Premises and failed to take reasonable action to curb such violations.

56.     The acts of Defendants Scott H. Donovan and Scott H. Donovan, P.C. constitute contributory trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

57.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants Scott H. Donovan's and Scott H. Donovan, P.C.'s acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT V**
**(Vicarious Trademark Infringement, 15 U.S.C. § 1114, against Defendants Scott H. Donovan and Scott H. Donovan, P.C.))**

60.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

61.     Defendant Nina Donovan, without authorization from Coach, has used and is continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

62.     The foregoing acts of Defendant Nina Donovan are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant Nina Donovan's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

63.     Upon information and belief, Defendant Nina Donovan has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention

or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendant Nina Donovan's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

65.     Defendants Scott H. Donovan and Scott H. Donovan, P.C. have given permission to Defendant Nina Donovan to use the Premises to sell counterfeit goods. Defendants Scott H. Donovan and Scott H. Donovan, P.C. indirectly benefit from the sale of these goods.

66.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. knew or had reason to know of the violations being committed by Defendant Nina Donovan at the Premises and failed to take reasonable action to curb such violations.

67.     Defendants Scott H. Donovan and Scott H. Donovan, P.C. have an actual or apparent partnership with Defendant Nina Donovan to sell the Infringing Products.

68.     Upon information and belief, the Infringing Products were acquired by Defendant Nina Donovan during the course of her marriage to Defendant Scott H. Donovan. Defendants Nina Donovan and Scott H. Donovan exercise joint ownership or control over the Infringing Products.

69.     The acts of Defendants Scott H. Donovan and Scott H. Donovan, P.C. constitute vicarious trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

70.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

71.     Upon information and belief, Defendants Scott H. Donovan and Scott H. Donovan, P.C. intend to continue their infringing acts, unless restrained by this Court.

72.     Defendants Scott H. Donovan's and Scott H. Donovan, P.C.'s acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Common Law Trademark Infringement, against Defendant Nina Donovan)**

73.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

74.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

75.     Defendant Nina Donovan, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

76.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

77.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

78.     Defendant's acts constitute trademark infringement in violation of the common law of the Commonwealth of Virginia.

79.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

80.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

81.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VII
### (Trademark Infringement, Virginia Trademark and Service Mark Act (Va. Code § 59.1-92.1 *et seq.*), against Defendant Nina Donovan)

82.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

83.     The foregoing acts of Defendant Nina Donovan constitute knowing and intentional violations of the Virginia Trademark and Service Mark Act (Va. Code § 59.1-92.1 *et seq.*).

84.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

85.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

86.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Common Law Unfair Competition, against Defendant Nina Donovan)

87.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

88.     The foregoing acts of Defendant Nina Donovan constitute unfair competition in violation of the common law of the Commonwealth of Virginia.

89.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which she is not in law or equity entitled.

90.     Upon information and belief, Defendant intends to continue her infringing acts, unless restrained by this Court.

91.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IX**
**(Unjust Enrichment against all Defendants)**

92.     Coach repeats and realleges the allegations set forth in paragraphs 1-26.

93.     The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the Commonwealth of Virginia.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.      Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have engaged in trademark infringement and unfair competition under the common law of Virginia; (iii) Defendants have engaged in trademark infringement in violation of the Virginia Trademark and Service Mark Act (Va. Code § 59.1-92.1 *et seq.*); and, (iv) Defendants have been unjustly enriched in violation of Virginia common law;

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.      Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights.

2.      Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or,

3.      Engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted;

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

22

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.      Awarding Coach its costs, attorney's fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

I.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

J.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

This 2nd day of January, 2014.

Respectfully submitted,

BRYAN CAVE LLP

By: _S. Cagle Juhan_

Samuel Cagle Juhan (Va. Bar ID 84030)
Bryan Cave LLP
1155 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
cagle.juhan@bryancave.com

*Attorney for Coach, Inc. and*
*Coach Services, Inc.*

24